SAVOIE, Judge.
This is a suit under contract. Southern Mercantile Group, Inc. appeals the trial court’s denial of its suit for the balance due under a contract.
FACTS:
This is a suit filed by plaintiff, Southern Mercantile Group, Inc., on a contract seeking the balance of payment for services rendered in preparing and filing a loan package application to secure a $1,000,-000.00 Farmers Home Administration (FHA) loan guarantee for the defendant, Gulf South Catalyst Services, Inc. On May 28, 1981, Southern Mercantile and Gulf South entered into a contract in which Southern Mercantile was to prepare an FHA loan guarantee application for Gulf South. The fee agreed upon for the preparation of the application was $20,000.00. Gulf South paid Southern Mercantile $3,500.00 upon execution of said contract, an additional $1,500.00 upon submission of the application, and an additional $1,000.00 after the loan guarantee was issued by FHA. After repeated demands to Gulf South for the balance thereof, this suit was filed seeking payment for the remaining fees due on the contract. Gulf South filed a general denial. The case was tried on May 26, 1983.
ACTION OF THE TRIAL COURT:
The trial court found that Gulf South’s employees were required to prepare and perform a substantial portion of Southern Mercantile’s obligations. The trial court further held that Gulf South was entitled to a reduction in the amount due under the contract because of Southern Mercantile’s failure to perform this substantial portion of its obligations. While the trial court did not hold that Southern Mercantile had breached its obligations under the contract, it did find that on the theory of unjust enrichment (quantum meruit), Gulf South was entitled to a reduction in the amount due Southern Mercantile because of its failure to perform.
ASSIGNMENTS OF ERROR:
1. Plaintiff failed to prove its case by a preponderance of the evidence.
2. Defendant failed to produce any evidence that plaintiff breached any of its obligations under the contract.
3. The court incorrectly applied the law of quantum meruit and unjust enrichment.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
By these assignments of error, Southern Mercantile argues that since the trial court held that it (Southern Mercantile) had proven a prima facie case, the burden then shifted to Gulf South to prove that Southern Mercantile breached its obligations under the contract. Southern Mercantile then argues that Gulf South failed to show that Southern Mercantile did breach its obligations under the contract. We disagree. The trial court found, and the record supports, that Southern Mercantile did complete a portion of the requirements under the terms of the contract with Gulf South, but the evidence clearly established that Southern Mercantile did not complete all of its obligations and that Gulf South was required, in order to get the *730 application completed, to perform a substantial portion of Southern Mercantile’s obligations.
Gulf South clearly showed that due to Southern Mercantile’s lack of attention to the preparation of the processing of the required application, Gulf South’s employees were required not only to provide Southern Mercantile with information, but were required to prepare a large portion of the application themselves. Further, Gulf South showed that its employees were required to make the presentations and acquire local police jury and local clearing house approval for said application, all of which should have been done by Southern Mercantile. Southern Mercantile’s only witness acknowledged that Gulf South had helped to some extent but could not remember how much. Further, Southern Mercantile’s President testified in vague and general terms as to what was required to complete an application but did not have a copy of the application itself, nor did it introduce a copy of the application. Further, Southern Mercantile’s only witness had no personal knowledge of this specific application stating that he did not work on it himself. Additionally, the witness did not know which, if any, of its employees did work on the application. From the record before us, the trial court’s conclusion that Gulf South had performed most of the work on this application is not manifestly wrong.
ASSIGNMENT OF ERROR NO. 3
The trial court incorrectly applied the law of quantum meruit and unjust enrichment. With this assignment of error, we agree. The trial court found Gulf South performed all of its obligations under the contract as well as performing most of Southern Mercantile’s obligations. Thus, there was a partial failure of consideration by Southern Mercantile due to its failure to perform a substantial portion of its obligations. Accordingly, the trial court should have dismissed Southern Mercantile’s claim for any further sums rather than rendering judgment in favor of Gulf South under the theory of quantum meruit. Quantum meruit is not a remedy available for defendants with a legally enforceable contract. See Harrington v. Oliver, 459 So.2d 111 (La.App. 2d Cir.1984).
While the trial court may have given the wrong reasons, it did reach the proper result. Since there was a partial failure of consideration and since this partial failure of consideration was substantial, there is a ground for abatement of the amounts due to plaintiff. L.S.A.-C.C. art. 1930,1931,1933(1) and 1934(1) [1]. Here, the *731 trial court found that no further sums were due Southern Mercantile under the contract. The apportionment of the consideration by the trial court was within its sound discretion. And absent a clear showing that the trial court abused its discretion in apportioning the damages due, we will not disturb same.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by Southern Mercantile.
AFFIRMED.

. Prior to Act 331 of 1984, L.S.A.-C.C. articles 1930, 1931, 1933(1) and 1934(1) read as follows:
Art. 1930.
The obligations of contract [contracts] extending to whatsoever is incident to such contracts, the party who violates them, is liable, as one of the incidents of his obligations, to the payment of the damages, which the other party has sustained by his default.
Art. 1931.
A contract may be violated, either actively by doing something inconsistent with the obligation it has proposed or passively by not doing what was covenanted to be done, or not doing it at the time, or in the manner stipulated or implied from the nature of the contract.
Art. 1933.
When the breach has been passive only, damages are due from the time that the debt- or has been put in default, in the manner directed in this chapter.
The rules contained in this and the preceding articles, however, are subject to the following exceptions and modifications:
1. When the thing to be given or done by the contract was of such a nature, that it could only be given or done within a certain time, which has elapsed, or under certain circumstances, which no longer exist, the debtor need not be put in legal delay to entitle the creditor to damages.
Art. 1934.
Where the object of the contract is any thing but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, under the following exceptions and modifications:
1. When the debtor has been guilty of no fraud or bad faith, he is liable only for such damages as were contemplated, or may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract. By "bad faith” in this and the next rule, is not meant the mere breach of faith in *731 not complying with the contract, but a designed breach of it from some motive of interest or ill will.